## ENGEL v. SAMUELS.

PRACTICE.

The defendant produced a receipt for a sum of money purporting to have been signed by the plaintiff. The plaintiff's principal witness testified that he drew the receipt and that the plaintiff signed it. Plaintiff testified he was in doubt whether the signature was his, but that it might be. *Held*, that it was error to submit to the jury the question of the genuineness of the signature.

*Appeal from the County Court of Arapahoe County.*

Mr. ALFRED MULLER, for appellant.

No appearance for appellee.

THOMSON, J., delivered the opinion of the court.

The appellee sued the appellant before a justice of the peace for an alleged indebtedness of $50.00. The evidence for the plaintiff was that he was the proprietor of a barber shop in Denver; that he owed the defendant a sum of money which was secured by a chattel mortgage on the furniture and material in the shop; that he was unable to pay the debt, and that the defendant, in consideration that he would find some one who would purchase the shop and execute to the defendant a new mortgage on the property, agreed to cancel the plaintiff's mortgage, and pay him $50.00; that the purchaser was procured, and the new mortgage executed, but the $50.00 was never paid.

The defendant produced a receipt to himself for $50.00, purporting to be signed by the plaintiff, and dated some two or three weeks after the transaction. Mr. Oppenheim, the plaintiff's principal witness, testified that he drew the receipt and the plaintiff signed it. The plaintiff testified that he was in doubt whether the signature was his, but that it might be. The court submitted the question of the genuineness of

the signature to the jury. We do not think this should have been done. The plaintiff was bound by the testimony of Mr. Oppenheim, his own witness, more especially as he did not himself explicitly deny that the signature was his. The fact of the execution of the receipt was established, and under the evidence there was no question of its genuineness to be submitted to the jury.

The evidence would have justified the court in instructing the jury to find whether the receipt was given for the money in suit, or had reference to some other transaction, or represented money actually paid. The court, however, did not do this; and the instructions as given were, for the reason we have indicated, erroneous.

Let the judgment be reversed.

*Reversed.*